# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

ERIC G. HICKS
REG. #23310-009                                                                                          PETITIONER

VS.                                          2:05CV00304 JTR

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                                                          RESPONDENT

## MEMORANDUM ORDER

Petitioner, who is currently incarcerated at the Federal Correctional Institute located in Forrest City, Arkansas, has filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  (Docket entry #1.)  Respondent has filed a Response (docket entry #4), and the issues are now joined and ready for disposition.  For the reasons set forth herein, the Court will dismiss the Petition, without prejudice.[1]

In this habeas action, Petitioner challenges a recent rule of the Federal Bureau of Prisons ("BOP"), which took effect on February 14, 2005 (the "February 2005 Rule"), limiting the duration of a prisoner's confinement in a community corrections center ("CCC") to "the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21(a).  The February 2005 Rule has spawned numerous habeas actions in the Eastern District of Arkansas challenging the Respondent's "categorical exercise" of discretion under 18 U.S.C. § 3621(b).  Generally, these petitioners have prevailed, and recently, in *Fults v. Sanders*, 2006 WL 870745 (8th Cir. 2006), the

---

[1] On March 21, 2006, the parties filed a written consent to proceed before a United States Magistrate Judge.  (Docket entry #6.)

Eighth Circuit declared the February 2005 Rule to be invalid:

> A BOP decision to not transfer an inmate - or, as in this case, a group of inmates - requires the same consideration of the § 3621(b) factors as does the decision to transfer an inmate to a CCC. It is impossible for the BOP to consider all five factors on a categorical basis. As such, the BOP's regulation necessarily conflicts with § 3621(b) by excluding an entire class of inmates–those not serving the final ten percent of their sentences–from the opportunity to be transferred to a CCC.
>
> The district court stated that while "the BOP labeled the [February 2005 regulation] a 'categorical exercise of discretion' it did not exercise its discretion at all." We agree that the BOP's regulation removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences. Section 3621(b) requires that discretion be exercised on an individual basis. Thus, the BOP's regulation conflicts with § 3621(b) and is invalid.

*Fults*, 2006 WL 870745 at *4. In several recent habeas challenges to the February 2005 Rule, which were filed *after* the Eighth Circuit's decision in *Fults*, Respondent has indicated that the BOP is in the process of modifying its procedures to comply with *Fults*.

In this case, Petitioner is serving a 30-month sentence, with a probable release date (via good time) of November 23, 2007. (Docket entry #4, Ex. 2.) Generally, Respondent does not make a final decision regarding CCC placement until 11 to 13 months prior to a prisoner's projected release date, pursuant to BOP Program Statement 5325.06. *Id.* Therefore, Respondent argues that Petitioner's challenge of the February 2005 Rule is premature and that he will only be in a position to file such a challenge in early 2007 when a final CCC determination is made.

Because Respondent has not yet made a final decision regarding Petitioner's CCC placement, the Court concludes that the issues raised in this habeas action are not ripe for decision. *See Allen v. Bureau of Prisons*, 2006 WL 20527 (D.N.J. January 3, 2006) (noting that February 2005 Rule is invalid but dismissing prisoner's challenge, without prejudice, because his release preparation plan had not been finalized in advance of a March 13, 2007 projected release date). Respondent

unquestionably must comply with the Eighth Circuit's holding in *Fults*, which means that, at least 11 months prior to Petitioner's release, Respondent must determine in good faith whether or not he should be transferred to a CCC after consideration of the factors found in 18 U.S.C. § 3621(b). Because the Court is dismissing this case, without prejudice, Petitioner may refile this habeas action if Respondent's final decision regarding Petitioner's CCC placement fails to comply with the Court's holding in *Fults*.

    IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (docket entry #1), is DISMISSED, WITHOUT PREJUDICE.

    Dated this 28th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE